### City Court of Brooklyn—General Term.

*April*, 1885.

## PEOPLE *v.* BAUMAN.

PRISONER, WHEN ENTITLED TO BAIL—CODE CIV. PROC. § 2060.

Section 2060 of the Code of Civil Procedure, providing that a prisoner who stands *charged* upon a criminal accusation with a bailable offense, upon perfecting his appeal, is entitled, as a matter of right, to be admitted to bail, does not apply to a person who has been *convicted.*

Accordingly, where the prisoner was convicted of assault in the third degree in a court of Special Sessions of the city of Brooklyn, and while serving his sentence thereunder, obtained a writ of *habeas corpus,* upon his appeal from the order dismissing the writ, he is not entitled, as a matter of right, to be admitted to bail under said section 2060.

APPEAL from an order of the Special Term of the City Court of Brooklyn, January 23, 1885, admitting the defendant to bail, as a matter of right, on an appeal taken by him from an order dismissing a writ of *habeas corpus* and remanding him to the penitentiary.

Amiel Bauman, the defendant, was convicted of assault in the third degree, in the Court of Special Sessions of the city of Brooklyn, and sentenced to the penitentiary.   After that conviction, and while he was serving his sentence, he was brought up on a *habeas corpus.*   Upon a hearing the writ was dismissed and the defendant remanded, whereupon he appealed from the order of dismissal and remandment to the General Term, and

insisted, as a matter of right, that he was entitled to bail pending such appeal, under section 2060 of the Code of Civil Procedure. The court, Hon. AUGUSTUS F. VAN WYCK, sitting, decided that the defendant's contention was correct, and made an order admitting the defendant to bail as a matter of right pending his appeal, from which order the people take this appeal.

This decision of the court was based on section 2060 of chapter 16, article third of the Code of Civil Procedure, which reads : " Where a prisoner who stands charged upon a criminal accusation with a bailable offense, has perfected, or intends to take an appeal from a final order dismissing the proceedings, remanding him, or otherwise refusing to discharge him, made as prescribed in this article, the court or judge upon his application, either before or after the final order, must upon such notice to the district attorney as the court or judge thinks proper, make an order fixing the sum in which the applicant shall be admitted to bail pending the appeal, and thereupon, when his appeal is perfected, he must be admitted to bail accordingly."

*James W. Ridgeway,* for the people, appellant.—This provision does not apply to the case where the defendant has been tried, convicted and sentenced, and who thereupon sues out a writ of *habeas corpus* to inquire into his cause of detention. The provision of section 2060 states that the section is limited to *a prisoner who stands charged upon a criminal accusation* with a bailable offense. This plainly refers to the case where there has been no trial and determination. " Stands charged " means that the charge is pending—" A criminal accusation " is undetermined against the defendant. No such term would be employed to describe the case of one who has been tried and convicted. That man does not stand charged. The charge is determined, and he stands convicted. The word charge is defined " To impute, to accuse." Syn.: " To accuse, impeach, arraign."— *Webster Dict.*

Again section 2060 provides : " The appeal is from a final order made as prescribed in this article." But a writ cannot be issued where there is a detention by virtue of a judgment

of a court of competent civil or criminal jurisdiction. *Code of Civ. Proc.* § 2016. And defendant must negative this as a pre-requisite to the writ. (§ 2069.) If it shall so appear, the court must forthwith make a final order remanding, and shall not inquire into its legality or justice in any way. (§§ 2032, 2034.) In a word, there is no hearing at all on the merits. Whenever the fact of judgment is ascertained, that, *ipso facto* requires the court to remand the defendant. And yet if the respondent's contention be correct he is entitled to bail on an appeal from something which really the court has not passed upon, but simply, as it were, refused to examine as soon as it has ascertained the facts to be such, and which would, if known on the application for the writ, have required its refusal.

It is now the established doctrine of the courts that a writ of *habeas corpus* does not perform the function of an appeal or writ of error. As soon as it appears that the court was one of competent jurisdiction, the writ of *habeas corpus* has fulfilled its functions and dies. People *ex rel.* Catlin *v.* Neilson, 16 *Hun*, 214. In the case at bar, as soon as the return was made, it became the duty of the court to deny the writ as soon as it appeared from the return that the defendant was held by virtue of a judgment of the Court of Special Sessions, for assault in the third degree, on a six months' sentence. §§ 56, 717, *Code Crim. Proc.*

It is contended that the plain meaning of the letter of this section, as well as the spirit thereof, is to provide for appeals from matters which may properly be examined on *habeas corpus*, and where there may be errors made on a hearing on the merits, and that, therefore, such provisions are confined to prisoners who stand charged—those who have not had a trial. Section 2063 of the Code reads: "Where the sum in which a prisoner shall be admitted to bail has been fixed as prescribed in either of the last two sections, he must remain in the custody of the sheriff of the county in which he then is, until he is admitted to bail." This shows that the only custody contemplated is that of the sheriff, not, as in this instance, of the penitentiary.

Again the appeal taken in such a case by the defendant from an order, denying the *habeas corpus*, does not raise the

question on the merits at all. Surely it was never intended that a man convicted should be bailed until this court inquired whether the return was that he was convicted by a court of competent jurisdiction.

The only way to examine the case on the merits is, of course, by an appeal.

*John Peterson* and *John H. Clayton*, for the prisoner, respondent.

REYNOLDS, J.—The decision was put upon the ground stated, for the purpose of raising the point now before us. If the case comes under section 2060, Code Civ. Proc. the prisoner was entitled to be bailed as a matter of right, for the language is imperative. The judge *must* make an order fixing the sum in which the applicant shall be admitted to bail pending the appeal, and thereupon, when his appeal is perfected, he *must* be admitted to bail accordingly.

But the person so entitled to be·bailed upon an appeal, is " a prisoner who stands charged upon a criminal accusation with a bailable offense." It seems to me quite clear that this does not apply to a person who has been convicted.

The words " charged " and " accusation " imply that the person is *alleged* to be guilty, not *proved*, or *adjudged* to be so. The complaint of a prosecutor, or an indictment by a Grand Jury, is an *accusation*, but when the prisoner has been tried and adjudged to be guilty, as the counsel for the people well says, the charge is determined and he stands convicted. The judgment has taken the place of the accusation. People *ex rel.* Phelps *v.* Oyer and Terminer, 14 *Hun*, 21–24.

Cases may arise where it would seem to be proper that a person convicted should be admitted to bail pending an appeal, and accordingly, section 556 of the Code of Criminal Procedure provides, that after conviction and upon an appeal, the defendant *may* be admitted to bail. If judgment of imprisonment shall have been given, the condition of the bail bond is that the prisoner will surrender himself in execution of the judgment upon its being affirmed or modified, or upon the appeal being dismissed ; from which it would appear, that it is upon an

appeal from the judgment that bail may be taken, and not upon an appeal from an order dismissing a writ of *habeas corpus*, and, moreover, it is not a matter of right but lies within the discretion of the judge.

We think the order appealed from should be reversed.

CLEMENTS, J., concurs.